UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| WILLIAM SHERLACH & ROBERT PARKER </br></br> Plaintiffs, </br></br> v. </br></br> ALEX EMRIC JONES; INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC; INFOWARS HEALTH, LLC; PRISON PLANET TV, LLC; WOLFGANG HALBIG; CORY T. SKLANKA; GENESIS COMMUNICATIONS NETWORK, INC.; and MIDAS RESOURCES, INC., </br></br> Defendants. | ) </br> ) </br> ) </br> ) Adv. Pro. No. 22-05006 (JAM) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) RE: ECF No. 6 </br> ) </br> ) </br> ) </br> ) </br> ) |

**SUPPLEMENTAL FILING IN SUPPORT OF MOTION FOR ORDER SHORTENING NOTICE PERIOD AND SCHEDULING EXPEDITED HEARING ON PLAINTIFFS' MOTION FOR REMAND**

These cases were removed to this Court to serve one purpose and one purpose only: delay.[1] Every day that these cases are frozen on the Connecticut Superior Court docket is a day that Alex Jones avoids accountability and delays trial. Every day they are removed harms these families' fight for justice.

---

[1] There are three consolidated cases in the Connecticut Superior Court: *Lafferty v. Jones* (UWY- CV18-6046436-S), *Sherlach v. Jones* (UWY-CV18-6046437-S), and *Sherlach v. Jones* (UWY- CV18-6046438-S). These cases were removed to this Court under case names and docket numbers *Lafferty v. Jones* (22-05004), *Sherlach v. Jones* (22-05005), and *Sherlach v. Jones* (22-05006). This identical brief is being filed in each of the three bankruptcy cases.

1

To ensure that this intolerable abuse of the removal process ends immediately, all of the plaintiffs in these cases – David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto-Parisi, Carlos M. Soto, Jillian Soto, William Aldenberg, William Sherlach, Robert Parker, Erica L. Garbatini f/k/a Erica Lafferty, and Richard M. Coan, Trustee of the Bankruptcy Estate of Erica Garbatini ("the plaintiffs") – voluntarily dismissed all of their claims against Infowars, LLC (aka InfoW, LLC); Infowars Health, LLC (aka IWHealth, LLC); and Prison Planet TV, LLC (hereafter "the shell company debtors").[2] Those claims are now dismissed without need of any action by the Court. *See, e.g.*, *Thorp v. Scarne*, 599 F.2d 1169, 1171 n.1 (2d Cir. 1979) (dismissal under Fed. R. Civ. P. 41(a)(1) is automatic, "[n]o action by the court is necessary to effectuate the dismissal.").

As a result of these dismissals, the shell company debtors are no longer defendants in these three removed cases, and the plaintiffs are no longer creditors in the Texas bankruptcy. These removed actions now concern *only* claims against *nondebtor* defendants Alex Emric Jones, Free Speech Systems, LLC and Genesis Communications Network, Inc. The plaintiffs therefore request that the Court order expedited hearing and immediate remand.

## I. Expedited Hearing Should Be Granted Because, As a Result of these Dismissals, the Court Has No Jurisdiction

Before the plaintiffs' claims against the debtors were dismissed, these cases were non-core proceedings that the Court should shed from its docket via permissive abstention or equitable remand. Now these cases are not even non-core proceedings, and there is no "related to"

---

[2] Earlier today, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the plaintiffs voluntarily dismissed their claims against the shell company debtors (ECF No.12).

2

jurisdiction. The only defendants remaining in these actions – Alex Emric Jones; Free Speech Systems, LLC; and Genesis Communications Network, Inc. – are not debtors in bankruptcy *at all*.[3]

Bankruptcy courts "may only hear a non-core proceeding if it is 'related to' a bankruptcy action." *176-60 Union Tpk., Inc. v. Howard Beach Fitness Ctr., Inc.*, 209 B.R. 307, 310-11 (S.D.N.Y. 1997). A bankruptcy court's "related to" jurisdiction, moreover, cannot be limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). Congress has "vested limited authority in bankruptcy courts." *Id.* (quotation marks omitted). It intended non-core "related to" proceedings "to be proceedings of a very limited kind." *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1399 (2d Cir.), *vacated on other grounds*, 498 U.S. 964 (1990). Thus, "any controversy having only [a] speculative, indirect or incidental effect on the estate is not 'related to' the bankruptcy action." *176-60 Union Tpk., Inc.*, 209 B.R. at 313 (S.D.N.Y. 1997) (quotation marks omitted).

The plaintiffs now assert no claims against the shell company debtors' respective estates. "[T]here [can] be no conceivable detriment to the administration of the bankruptcy estate in a case where no claim has been asserted '*against*' the bankruptcy estate in the bankruptcy court." *176-60 Union Tpk., Inc.*, 209 B.R. at 314 (emphasis in original). Comity now requires that this Court order a remand: allowing a litigant to "force the resolution" of a "pre-petition . . . state law claim in bankruptcy court merely by filing a petition in bankruptcy would be flatly inconsistent with . . . the right to a jury trial protected in judicial proceedings by state and federal law rights." *Id.*

---

[3] Indeed, Alex Jones and Free Speech Systems, LLC have elected *not* to file bankruptcy at this time, presumably to avoid making the significant financial disclosures required by the Bankruptcy Code and the rules of bankruptcy procedure, as well as to avoid submitting to the sweeping discovery powers afforded to creditors concerning their finances under Fed. R. Bankr. P. 2004, or even the potential appointment of a bankruptcy trustee.

## II.     The Need for Abstention or Equitable Remand is Even Stronger

Even if the court had "related to" jurisdiction – which plaintiffs believe it does not – the dismissal of all claims against the debtors weighs strongly in favor of permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b). The "presence in the proceeding of nondebtor parties" is an important factor courts consider when determining whether to exercise permissive abstention or equitable remand. *See, e.g.*, *In re Granoff*, 242 B.R. 216, 220 (Bankr. D. Conn. 1999) (Dabrowski, J.). Now that all claims against the debtors are dismissed, the *only* parties present in this proceeding are nondebtors. Accordingly, the Court should immediately remand this action to Connecticut Superior Court where the parties may proceed to the scheduled jury trial.

For all these reasons, expedited hearing and immediate remand is now required.

Dated: Bridgeport, Connecticut
        May 2, 2022

By: /s/ *Alinor C. Sterling*
    Alinor C. Sterling (Fed. Bar No. ct17207)
    Christopher M. Mattei (Fed. Bar No. ct27500)
    Koskoff, Koskoff & Bieder P.C.
    350 Fairfield Ave.
    Bridgeport, CT 06604
    Telephone: (203) 336-4421
    Facsimile: (203) 368-3244
    Email: asterling@koskoff.com
           cmattei@koskoff.com

*Counsel for the Plaintiffs*[4]

By: /s/ *Eric Goldstein*
    Eric Goldstein (Fed. Bar No. ct27195)
    Jessica M. Signor (Fed. Bar No. ct30066)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT 06013
    Telephone: (860) 251-5000
    Facsimile: (860) 251-5218
    Email: egoldstein@goodwin.com
           jsignor@goodwin.com

*Counsel for the Individual Plaintiffs*[5]

---

[4] Koskoff, Koskoff & Bieder represents the Individual Plaintiffs (as defined in Footnote 6 below) as well as Richard M. Coan, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Erica L. Garbatini.

[5] In connection with this proceeding, Shipman & Goodwin LLP represents Erica L. Garbatini f/k/a Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto-Parisi, Carlos Mathew Soto, Jillian Soto, William Aldenberg, William Sherlach, and Robert Parker (collectively, the "Individual Plaintiffs").

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2022, a copy of the foregoing Supplemental Filing in Support of Motion for Order Shortening Notice Period and Scheduling Expedited Hearing on Plaintiffs' Motion for Remand was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by First Class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

I further certify that on May 2, 2022, a copy of the foregoing Supplemental Filing in Support of Motion for Order Shortening Notice Period and Scheduling Expedited Hearing on Plaintiffs' Motion for Remand was also served via U.S. First Class prepaid postage on the following parties listed below:

Wolfgang Halbig
25526 Hawks Run Lane
Sorrento, FL 32776

Cory T. Sklanka
515 Gracey Avenue
Meriden, CT 06451

Genesis Communications Network, Inc.
Attn. Officer, Managing Agent or Agent for Service
190 Cobblestone Lane
Burnsville, MN 55337

Midas Resources, Inc.
Attn. Officer, Managing Agent or Agent for Service
190 Cobblestone Lane
Burnsville, MN 55337

Norman A. Pattis
Pattis & Smith, LLC
383 Orange Street
1st Floor
New Haven, CT 06511

James H. Fetzer, PH.D.
800 Violet Lane
Oregon, WI 53575

/s/ *Alinor C. Sterling*
ALINOR C. STERLING
CHRISTOPHER M. MATTEI

/s/ *Eric Goldstein*
ERIC GOLDSTEIN
JESSICA M. SIGNOR