UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| WILLIAM SHERLACH & ROBERT PARKER, <br><br>Plaintiffs, <br><br>v. <br><br>ALEX EMRIC JONES; INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC; INFOWARS HEALTH, LLC; PRISON PLANET TV, LLC; WOLFGANG HALBIG; CORY T. SKLANKA; GENESIS COMMUNICATIONS NETWORK, INC.; and MIDAS RESOURCES, INC., <br><br>Defendants. | Adv. Pro. No. 22-05006 (JAM) |

**PLAINTIFFS' OBJECTION TO PETITIONER'S MOTION TO INTERVENE[1]**

On April 29, 2022, the petitioner, James H. Fetzer, filed a Motion to Intervene and Motion for Extension of Time (ECF 10), seeking permissive intervention in this matter. That Motion should be denied in its entirety.

The Motion to Intervene fails to articulate a single cognizable interest that would warrant intervention. *See, e.g.*, *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001) ("[A] putative intervenor as of right must meet four criteria: the applicant must (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the

---

[1] There are three consolidated cases in the Connecticut Superior Court: *Lafferty v. Jones* (UWY- CV18-6046436-S), *Sherlach v. Jones* (UWY-CV18-6046437-S), and *Sherlach v. Jones* (UWY- CV18-6046438-S). These cases were abusively removed to this Court under names and docket numbers *Lafferty v. Jones* (22-05004), *Sherlach v. Jones* (22- 05005), and *Sherlach v. Jones* (22-05006). This identical Objection to Petitioner's Motion to Intervene is being filed in all three bankruptcy cases: 22-05004, 22-05005, and 22-05006.

action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties. . . . A would-be intervenor's failure to meet all of these requirements justifies the denial of its motion."); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (district court may grant motion for permissive intervention "if the application is timely and if the applicant's claim or defense and the main action have a question of law or fact in common. . . . The court must consider whether granting permissive intervention will unduly delay or prejudice the adjudication of the rights of the existing parties.") (internal quotation marks ommitted); *see also Kerrigan v. Comm'r of Pub. Health*, 279 Conn. 447, 461 (2006) (identifying the timeliness of the intervention, the proposed intervenor's interest in the controversy, the adequacy of representation of such interests by other parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in resolving the controversy before the court, as factors for a court to consider on a motion for permissive intervention).

The interest identified in the Motion—to protect a factual defense in a Wisconsin libel suit—is moot. The petitioner himself acknowledges that a Wisconsin Circuit Court has <u>already found</u> the claimed "fact" at interest to be untrue and libelous, ECF 10 at ¶ 3,[2] a conclusion that was <u>affirmed</u> by the Wisconsin Appellate Court. *See Pozner v. Fetzer*, 959 N.W.2d 89 (Wis. Ct. App. 2021). Intervention in the underlying matter would have absolutely no bearing on the Wisconsin matter; it would only enable the petitioner to repeat these lies in a new venue.[3] Nor does any other

---

[2] *See also* Wis. Circuit Court Access, *Dane County Case No. 2018CV003122, Leonard Pozner v. James Fetzer et al*, https://wcca.wicourts.gov/caseDetail.html?caseNo=2018CV003122&countyNo=13&index=0#records (last visited May 18, 2022) ("granting pltf's mtn for summary judgment" on June 18, 2019).

[3] It appears to be a violation of the Wisconsin orders for the petitioner to repeat these false statements here: As noted by the Wisconsin Appellate Court, "the circuit court entered an order permanently enjoining Petitioner from repeating

balancing factor support the Motion: It is untimely,[4] fails to articulate any interest in the unlawful marketing claims, would delay the proceedings and prejudice the existing parties, and would provide no value to resolving the claims before the Court.

The petitioner attempted previously to intervene in *Soto v. Bushmaster* in Connecticut Superior Court (UWY-CV15-6050025-S), for exactly the same harmful reasons. In his previous Motion to Intervene and for Extension of Time to Retain Connecticut Legal Counsel, the petitioner also stated that he was "injured by the Conn Supreme Court opinion entered in this case published at 331 Conn 53, 202 A. 3d 262, cert denied" and that "Because of the adverse results I sustained in the Wisconsin case brought against me by Leonard Pozner, I want to retain an attorney to anchor either or both of my attorneys pro hac vice to represent me in this case. I believe, with time, I will be able to find a Conn attorney for this limited purpose." *See* Ex. A, Petitioner's September 10, 2021 Motion to Intervene, DN 375. The Connecticut Superior Court denied the motion, and ruled that

> The interests alleged by the proposed intervenor are insufficient to allow him to be brought in as a party. As such, the motion to intervene of James Fetzer is denied, and the court will not rule on the motions he has filed regarding legal counsel and extensions of time as the motions are moot in light of this ruling,

precisely as this Court should do. *See* Ex. B, Connecticut Superior Court's Order entered on September 22, 2021 (DN 375.20).

Accordingly, the petitioner's Motion should be denied.[5]

---

the [] defamatory statements." *Fetzer*, 959 N.W.2d 89 at *3; *see also* Wis. Circuit Court Access, *supra* note 2 ("Granting Permanent Injunction" on December 17, 2019).

[4] The March 19, 2019 Connecticut Supreme Court opinion, 331 Conn. 53 (2019), which the petitioner cites as a source of "injury," *see* ECF 10 at ¶ 3, was published over three years before this Motion to Intervene was filed. *See id.* (dated April 29, 2022).

[5] Because the petitioner has failed to articulate *any* cognizable interest in this matter, this Court should summarily reject the petitioner's request for an extension of time.

Dated: Bridgeport, Connecticut
      May 20, 2022

By: /s/ *Alinor C. Sterling*
    Alinor C. Sterling (Fed. Bar No. ct17207)
    Christopher M. Mattei (Fed. Bar No. ct27500)
    Koskoff, Koskoff & Bieder P.C.
    350 Fairfield Ave.
    Bridgeport, CT 06604
    Telephone: (203) 336-4421
    Facsimile: (203) 368-3244
    Email: asterling@koskoff.com
           cmattei@koskoff.com
    *Counsel for the Plaintiffs*[6]

By: /s/ *Eric Goldstein*
    Eric Goldstein (Fed. Bar No. ct27195)
    Jessica M. Signor (Fed. Bar No. ct30066)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT 06013
    Telephone: (860) 251-5000
    Facsimile: (860) 251-5218
    Email: egoldstein@goodwin.com
           jsignor@goodwin.com
    *Counsel for the Individual Plaintiffs*[7]

---

[6] Koskoff, Koskoff & Bieder represents all of the plaintiffs, including Richard M. Coan solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Erica L. Garbatini.

[7] In connection with this proceeding, Shipman & Goodwin LLP represents Erica L. Garbatini f/k/a Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto-Parisi, Carlos Mathew Soto, Jillian Soto, William Aldenberg, William Sherlach, and Robert Parker (collectively, the "Individual Plaintiffs").

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, a copy of the foregoing Plaintiffs' Objection to Petitioner's Motion to Intervene was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by First Class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

I further certify that on May 20, 2022, a copy of the foregoing Plaintiffs' Objection to Petitioner's Motion to Intervene was also served via U.S. First Class prepaid postage on the following parties listed below:

Wolfgang Halbig
25526 Hawks Run Lane
Sorrento, FL 32776

Cory T. Sklanka
515 Gracey Avenue
Meriden, CT 06451

Genesis Communications Network, Inc.
Attn. Officer, Managing Agent or Agent for Service
190 Cobblestone Lane
Burnsville, MN 55337

Midas Resources, Inc.
Attn. Officer, Managing Agent or Agent for Service
190 Cobblestone Lane
Burnsville, MN 55337

Norman A. Pattis
Pattis & Smith, LLC
383 Orange Street
1st Floor
New Haven, CT 06511

James H. Fetzer, PH.D.
800 Violet Lane
Oregon, WI 53575

/s/ *Alinor C. Sterling*
ALINOR C. STERLING
CHRISTOPHER M. MATTEI

/s/ *Eric Goldstein*
ERIC GOLDSTEIN
JESSICA M. SIGNOR

5